**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **VIOLATION:** |
| | : | **18 U.S.C. § 371 (Conspiracy to Commit** |
| **DOEMINI MOSLEY,** | : | **Wire Fraud)** |
| | : | |
| Defendant. | : | **FORFEITURE: 18 U.S.C. § 981(a)(1)(C),** |
| | : | **28 U.S.C. § 2461(c)** |

## INFORMATION

The United States charges:

At times material to this Information:

### Introduction

1. DOEMINI MOSLEY resided in Virginia.

2. BRIAN JOHNSON resided in Washington, D.C. and maintained a bank account at Bank of America ("Bank of America Account").

3. Howard University ("Howard") was a private research university in Washington, D.C.

4. Howard's Financial Aid Office ("the Financial Aid Office") awarded and accounted for student financial aid. Howard offered financial aid assistance to students, which included grants and scholarships. Employees at Howard who also were enrolled in classes were eligible for remission of tuition for up to two courses per semester if they met certain eligibility criteria. If a student received financial aid in an amount exceeding the balance of what the student owed to the school, Howard may have issued the student a "refund" either via direct deposit to a bank account or via check.

5. Howard's Office of the Bursar ("the Bursar's Office") maintained student account activity, including tuition and housing fees. The Bursar's Office disbursed awarded funds to students.

6. Banner was a web-based, administrative software application used by Howard. Banner recorded and maintained information and data for Howard students and employees. Banner was used in conjunction with financial aid, student accounts, and cashiering. Certain Financial Aid Office employees' access to Banner allowed them not only to see student profiles, but to enter financial aid awards into student profiles.

7. A financial aid recipient needed a student profile in order to receive funds. Student profiles existed for both enrolled students and former students.

8. Venmo was a mobile payment service. Venmo account holders could link their Venmo accounts with bank accounts and transfer funds to other Venmo users.

9. JOHNSON earned a Bachelor of Science degree from Howard in approximately May 2009. From approximately 2011 through August 2016, he worked in the Financial Aid Office. From 2014 through August 2016, he was the Associate Director of Financial Aid in the Financial Aid Office. From fall 2011 through spring 2015, JOHNSON was enrolled as a part-time student in Howard's Master of Business Administration ("MBA") program. He ultimately earned his MBA in approximately May 2015.  He stopped working at Howard in August 2016.

10. MOSLEY worked at Howard from 2011 through 2017 and served in the Financial Aid Office and the Bursar's Office. MOSLEY's access in Banner allowed her to see student profiles and enter financial aid awards.

**COUNT ONE**
**(Conspiracy to Commit Mail Fraud)**

11. From in or about at least November 2016 through in or about at least May 2017, in the District of Columbia and elsewhere, DOEMINI MOSLEY and BRIAN JOHNSON did knowingly and willfully conspire, combine, confederate, and agree to commit offenses against the United States, that is, violations of Title 18, United States Code, Section 1343 (wire fraud), in violation of Title 18, United States Code, Section 371 (conspiracy).

**The Purpose of the Conspiracy**

12. It was a purpose of the conspiracy for MOSLEY and JOHNSON to defraud Howard out of money to which MOSLEY and JOHNSON were not entitled.

**Manner and Means of the Conspiracy**

13. The manner and means by which this purpose was carried out included MOSLEY logging into Banner and fraudulently entering financial aid awards into JOHNSON's student profile even though he was no longer a student at the school and no longer worked at the school. By fraudulently entering those awards onto JOHNSON's student profile, MOSLEY caused JOHNSON's profile to have a negative balance, resulting in Howard "refunding" money to JOHNSON by directly depositing funds into his Bank of America Account. JOHNSON then paid MOSLEY a portion of the fraudulently obtained proceeds.

**Overt Acts**

14. In furtherance of the conspiracy, and in order to effect the objects thereof, MOSLEY and JOHNSON, in various combinations, directly and indirectly, within the District of Columbia and elsewhere, committed overt acts, including, but not limited to the following:

3

    a. On or about November 1, 2016, MOSLEY logged into the Banner system and fraudulently awarded a $10,000 university grant to JOHNSON's account, applying it to the fall 2014 semester.

    b. On or about November 2, 2016, JOHNSON sent MOSLEY $1,500 via Venmo.

    c. On or about November 7, 2016, MOSLEY logged into the Banner system and fraudulently awarded a $12,000 university grant to JOHNSON's account, applying it to the spring 2015 semester.

    d. On or about November 10, 2016, JOHNSON withdrew $5,000 in cash from a Bank of America branch in Washington, D.C.

**(Conspiracy to Commit Mail Fraud,
in violation of Title 18, United States Code, Section 371)**

### FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, DOEMINI MOSLEY shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will seek a forfeiture money judgement in the amount of at least $85,850.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of MOSLEY:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

MOSLEY shall forfeit to the United States any other property of MOSLEY, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 853(p))

>Respectfully submitted,
>
>MICHAEL R. SHERWIN
>ACTING UNITED STATES ATTORNEY
>N.Y. Bar No. 4444188

By: */s/ Kondi J. Kleinman*

>KONDI J. KLEINMAN,
>California Bar No. 241277
>Assistant United States Attorney
>Fraud and Public Corruption Section
>555 4th Street, N.W.
>Washington, D.C. 20530
>(202) 252-6887
>Kondi.Kleinman2@usdoj.gov